# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| Robert Stafford, on behalf of himself and all others similarly situated §§§ | |
| Plaintiff, § | CA No.: 4:23-cv-851 |
| § | |
| v. § | |
| § | Class Action |
| Heritage Hard Assets LLC § | Jury Demanded |
| § | |
| Defendant. § | |

**PLAINTIFF ROBERT STAFFORD'S CLASS ACTION COMPLAINT**

1. **Introduction.**

   1.1. Robert Stafford ("**Plaintiff**") on behalf of himself and all others similarly situated, brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff also alleges state court cause of action.

   1.2. Plaintiff's cellular residential telephone number is/was listed on the national Do Not Call Registry, a list explicitly designed to protect the public

from these kind of intrusive telemarketing calls. Defendant called Plaintiff's residential cellular phone on approximately 9 occasions. On each call Plaintiff told Defendant to stop calling him.

2. **Parties**

   2.1. Plaintiff is a resident of Plano, Texas and lives in this District.

   2.2. Heritage Hard Assets LLC ("**Defendant**") is an entity with an address of 2263 Northwest 2nd Avenue, Boca Raton, Florida 33431. It can be served by serving its registered agent Catalyst Tax and Consulting LLC, Justin Yan, 2200 Corporate Blvd. NW, SUITE 307, Boca Raton, FL 33431.

3. **Venue**

   3.1. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

   3.2. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Defendant made calls into this State.

   3.3. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claim that they form a single case or controversy.

4. **Article III Standing**

4.1. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Holderread v. Ford Motor Credit Co., LLC*, No. 4:16-cv-222-ALM, 2016 WL 6248707, at *3 (E.D. Tex. Oct. 26, 2016); *Jamison v. Esurance Ins. Servs., Inc.*, No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

4.2. Plaintiff was harmed by Defendant's actions of calling his residential phone while his number was on the Do Not Call Registry, without consent in the following manners:

   4.2.1. Plaintiff's privacy was invaded by Defendant;

   4.2.2. Plaintiff was harassed and abused by Defendant's calls;

   4.2.3. Defendant's calls were a nuisance to Plaintiff; and

   4.2.4. Plaintiff was inconvenienced by Defendant's calls, by among other things, having to answer the calls.

5. **The National Do Not Call Registry**

   5.1. The national Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

5.2. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

5.3. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

5.4. The Federal Communications Commission found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

5.5. These regulations are codified at 47 CFR 64.1200(d)(1)-(7).

5.6. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d) (1, 2, 3, 6).

5.7. These policies and procedures prohibit a company from making calls for

telemarketing purposes[1] unless they have implemented these policies and procedures. 47 CFR 64.1200(d).

5.8. Accordingly, all telemarketing calls violate the TCPA, unless Defendants can demonstrate that it has implemented the required policies and procedures.

5.9. There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who

---

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

> request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013).

5.10. These requirements are separate but cumulative. In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

5.11. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

6. **Texas' Anti Solicitation and Robo-Calling Statutes**

6.1. Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

6.2. Sellers engaging in telephone solicitations are required to register, and among other things, list "each telephone number to be used by the seller and the address where each telephone using the number is located."

§302.151(10).

6.3. Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, section 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorneys' fees.

6.4. Pursuant to section 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

7. **Factual Allegations**

7.1. Plaintiff is the owner of and user of the residential cellular telephone number (281) 796-5121. Each of the calls referenced below were made to Plaintiff's residential telephone number (281) 796-5121. (281) 796-5121 is a cellular number/network. 281 is an area code associated with Texas.

7.2. (281) 796-5121 is not a business number. Plaintiff uses it for personal reasons and uses it in the same manner as he would use a home landline in the past.

7.3. Plaintiff was located in Texas when he received the calls from Defendant.

7.4. The calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was seeking to sell Plaintiff hard assets such as gold and silver.

7.5. Defendant describes itself on its website as follows:

> Heritage Hard Assets is a Numismatic trading company based in Boca Raton, Florida. Heritage is all about providing its customers with an experience of history. By owning a piece of the past like Morgan silver dollars or Franklin half dollars among various other designs, you can add value to your wealth and your collection reminding you of great past. Heritage excels in providing amazing trading solutions to clients looking to trade their currency with gold and/or silver bullion and coins that are specially engraved with splendid designs. For clients looking to upgrade their collection and add value to their business, Heritage provides a diverse set of top-quality options to trade their currency with. Our clients vary from those that may have accumulated or inherited a few old coins to the serious collector with coins of significant numismatic value.

7.6. All the calls were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the texts.

7.7. Plaintiff's telephone number was on the National Do Not Call Registry at the time he received the calls.

7.8. Defendant called Plaintiff on the following dates:

| Date | Year |
|---|---|
| Dec 13th 9:42 am | 2021 |

| | |
|---|---|
| Nov 18th 1:28 pm | 2021 |
| Nov 4th 1:25 pm | 2021 |
| Oct 29th 9:41 am | 2021 |
| Oct 7th 10:11 am | 2021 |
| Sep 20th 12:23 pm | 2021 |
| Sep 28th 2:00 pm | 2021 |
| Feb 28th 9:23 am | 2022 |
| Jan 10th 10:04 am | 2022 |

7.9. On the calls, "Jack" stated "My firm just acquired some Benjiman Franklin Half Dollars. Are you interested in them?"

7.10. On each of the calls Plaintiff told Defendant not to call him anymore. On at least one of the Calls Plaintiff told Jack to put him on the callers Do Not Call list.

7.11. The calls continued.

7.12. Defendant has not registered pursuant to § 302.101 of the Texas Business & Commercial Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain Defendant's registration.

7.13. Defendant does not qualify for an exemption under § 302.052 through § 302.061 of the Texas Business & Commercial Code or any section of Chapter 302 of the Texas Business & Commercial Code.

8. **Class Action Allegations**

8.9. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

8.10. The "DNC Class." The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry for more than 31 days prior to receiving calls from, or on behalf of, Defendant, and who, since December 1, 2018, received more than one telemarketing call on their residential or cellular line within any twelve-month period.

8.11. The "Policy Class." The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period after December 1, 2018.

8.12. The "Texas Class." The class of persons Plaintiff proposes to represent with respect to Count Three is tentatively defined as all persons in the state of Texas to whom Defendant made a call in violation of the TCPA after December 1, 2018.

8.13.  The "Texas Registration Class." The class of persons Plaintiff proposes to represent with respect to Count Four Plaintiff is tentatively defined as all residents of the State of Texas to whose telephone number Defendant placed (or had placed on itsr behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.

8.14.  The classes as defined above are identifiable through phone records and phone number databases.

8.15.  Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of texts that he received, that the classes are so numerous that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

8.16.  Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing texts, and violations of their statutory rights.

8.17.  Plaintiff is a member of the classes.

8.18. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

8.18.1. Whether Defendant violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

8.18.2. Whether Defendant or their agents, within the four years before the filing of the initial Complaint, made more than one telemarketing text within any twelve-month period to individuals whose telephone number had been registered on the Do Not Call Registry for more than 31 days after being told to stop calling them.

8.18.3. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

8.19. Plaintiff's claims are typical of the claims of class members.

8.20. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

8.21. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

8.22. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

8.23. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

8.24. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

9. **Count One: Violation of the TCPA's Do Not Call provisions on behalf of Plaintiff and the DNC Class.**

9.9. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

9.10. Defendant violated the TCPA by initiating more than one telephone solicitation in a twelve-month period to persons and entities whose telephone numbers were listed on the Do Not Call Registry and who had not consented to receive the calls. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

9.11.    Defendant's violations were negligent or knowing/willful.

9.12.    Relief Sought: For himself and all class members, Plaintiff requests the following relief:

9.12.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

9.12.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

9.12.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

9.12.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

9.12.5. That the Plaintiff recover his attorneys' fees and costs.

9.12.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**10. Count Two: Violation of the TCPA's Do Not Call provisions on behalf of Plaintiff and the Policy Class.**

10.9. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

10.10. Defendant violated the TCPA by initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry when Defendant did not have a compliant Do Not Call policy. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

10.11. Defendant's violations were negligent or knowing/willful.

10.12. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

10.12.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

10.12.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

10.12.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

10.12.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

10.12.5. That the Plaintiff recover his attorneys' fees and costs.

10.12.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## 11. Count Three: Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC") on behalf of Plaintiff and the Texas Class.

11.9. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

11.10. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

11.11. Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

11.12. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

11.13. As set forth above Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

11.14. Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

11.15. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendants.

11.16. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

11.17. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

11.17.1. That Defendant be restrained from engaging in future telemarketing in violation of the TBCC.

11.17.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

11.17.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the

Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

11.17.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

11.17.5. That the Plaintiff recover his attorneys' fees and costs.

11.17.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## 12. Count Four - Violations of Texas Business and Commerce Code, § 302.101 (On Behalf of Plaintiff and the Texas Registration Class)

12.9. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

12.10. Defendants failed to obtain a registration certificate from the Office of the Secretary of State of Texas pursuant to violated § 302.101 of the Texas Business and Commerce Code.

12.11. Defendants placed telephone solicitations to Plaintiff's and the Texas Registration Class Members' telephone numbers.

12.12. Defendants' telephone solicitations were made from a location in Texas or to Plaintiff and the Texas Registration Class Members located in Texas.

12.13. Plaintiff and the Texas § Registration Class Members are entitled to an award of up to $5,000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**13. Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted:

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas State Bar Number 14171200

**Designated as Lead Attorney**

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff